UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL BALL,

          Petitioner

Civil Action No. 12-CV-14732

HON. MARK A. GOLDSMITH

vs.

LLOYD RAPELJE,

          Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTIONS FOR BOND AND FOR APPOINTMENT OF COUNSEL

This is a habeas case filed by a Michigan state prisoner under 28 U.S.C. § 2254.  This matter comes before the Court on Petitioner Randall Ball's motions for bond and for the appointment of counsel.

Petitioner was convicted on February 11, 2009 by a Shiawassee County jury of failing to register as a sex offender, in violation of Mich. Comp. Laws § 28.729.  In March 2009, Petitioner was sentenced as a habitual offender, fourth offense, to 40-to-180 months in prison.  In his petition, Petitioner argues that his conviction is unconstitutional based on the following grounds: (1) insufficient evidence; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; (4) denial of right to present a defense; (5) Mich. Comp. Laws § 28.729 is unconstitutionally vague and overbroad; and (6) improper admission of overbroad testimony.

### A.  Motion for Bond

In his motion for bond, Petitioner asserts that he has exceeded his minimum sentence and is now eligible for parole, and granting him bond would ensure that he is not unreasonably incarcerated while this action is pending.

1

To receive bond pending a decision on the merits of a habeas petition, a petitioner must show both a substantial claim of law and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice." Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990) (alteration original) (citing Aronson v. May, 85 S. Ct. 3, 5 (1964)). "There will be few occasions where a prisoner will meet this standard." Dotson, 900 F.2d at 79.  Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."  Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993).

Applying the two prong test of Dotson, the Court finds that Petitioner has not met his burden of showing that he is entitled to bond pending the Court's habeas decision.  After Petitioner was convicted by a jury, he appealed his conviction with the Michigan state courts and filed for post-conviction relief.  The Michigan courts rejected his constitutional claims, a decision to which this Court must give substantial deference under 28 U.S.C. § 2254(b).  His motion for bond is perfunctory and provides no special basis for the extraordinary grant of relief that he seeks.  The fact that Petitioner has completed the minimum portion of his sentence is not the kind of exceptional circumstances that would justify release before a decision on the merits. Petitioner's motion for bond will therefore be denied.

### B.  Motion for Appointment of Counsel

Petitioner also moves for the appointment of counsel.  He asserts that he is not trained as a lawyer and has limited resources and limited access to legal materials, and would like an attorney to further assist him in pursuing his habeas case.

There is no constitutional right to the appointment of counsel in a habeas proceeding.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to

2

appointed counsel extends to the first appeal of right, and no further."); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) ("[A] petitioner does not have a right to assistance of counsel on a habeas appeal.").   Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. Lemeshko v. Wrona, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004); see Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts.  Otherwise, the matter lies within the discretion of the court, and is necessary only if required by the interest of justice or due process.  Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986).  An indigent habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

The Court concludes after careful consideration that the interests of justice do not require appointment of counsel at this time.   Petitioner's filings in this Court and in state court demonstrate an ability to raise and argue factual and legal issues and to comply with rules of procedure.  Furthermore, Petitioner is not proceeding in forma pauperis in this action and has not established that he is indigent.  In light of this, the Court finds that this action is not the unusual case for which the interest of justice requires the appointment of counsel.

Accordingly, Petitioner's motion for bond (Dkt. 2) and motion for appointment of counsel (Dkt. 3) are denied.

SO ORDERED.


Dated:  August 5, 2013                          s/Mark A. Goldsmith
         Flint, Michigan                        MARK A. GOLDSMITH
                                                United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

4